UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RAYMOND SERIO, | ) | |
| | ) | |
| Petitioner, | ) | 11 C 2770 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| RANDY PFISTER, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Raymond Serio, who is serving a 50-year sentence in Illinois state prison for the first degree murder of Richard Neubauer, seeks a writ of habeas corpus under 28 U.S.C. § 2254. Serio asserts four grounds for relief: (1) that the state courts should have suppressed statements he made after being arrested without probable cause; (2) that during a post-trial hearing on whether his trial counsel was ineffective, the trial court should have questioned his trial counsel; (3) that his state post-conviction appellate attorney was ineffective in failing to raise various issues on appeal from the dismissal of his post-conviction petition; and (4) that Illinois lacked jurisdiction to try him for the murder because the murder occurred in Wisconsin, and that the indictment was void because it charged him as the shooter rather than as an accomplice, despite there being no credible evidence that he was in fact the shooter. Doc. 1 at 9-10. With respect to the third ground, Serio asks this court to address the twenty-four claims that he asserted in his state post-conviction petition but that his post-conviction appellate attorney failed to press in his post-conviction appeal. *Id*. at 10. Serio's petition is denied, and he is also denied a certificate of appealability.

**Background**

The facts surrounding Neubauer's murder, which were recounted by the Appellate Court of Illinois on direct appeal from Serio's conviction, *People v. Serio*, 830 N.E.2d 749, 752-55 (Ill. App. 2005), have no bearing on the disposition of his habeas petition and will not be recited here.

Serio was convicted by a jury for Neubauer's murder and sentenced to fifty years in prison. *Id*. at 751. On direct appeal, Serio argued: (1) that the trial court erred in not suppressing a confession he made after being arrested in violation of the Fourth Amendment; and (2) that the trial court should have considered his post-trial motion alleging that his trial counsel had provided ineffective assistance. *Ibid*. The state appellate court affirmed on the suppression issue, reasoning that the police had probable cause to arrest Serio. *Id*. at 752-53, 756. But the appellate court remanded the case to the trial court with instructions to consider Serio's ineffective assistance claim. *Id*. at 753. Serio filed a petition for leave to appeal ("PLA") in the Supreme Court of Illinois on the suppression issue, Doc. 19-1 at 108-148, and the State filed a PLA on the ineffective assistance issue, Doc. 19-2 at 2-32. Both PLAs were denied. *People v. Serio*, 844 N.E.2d 45 (Ill. 2005).

At the ineffective assistance hearing held on remand from the appellate court, the trial court questioned Serio and the trial prosecutor but not Serio's allegedly ineffective trial attorney. Doc. 19-3 at 2. The trial court ruled that Serio's ineffective assistance claim had no merit. *Ibid*. Serio appealed, arguing that he was entitled to another ineffective assistance hearing because "the trial court did not ask trial counsel any questions during the preliminary investigation," an omission that, according to Serio, violated *People v. Moore*, 797 N.E.2d 631, 638 (Ill. 2003), and other Illinois cases. Doc. 19-2 at 50. The appellate court affirmed. *People v. Serio*, No. 2-06-

191 (Ill. App. Jan. 7, 2008) (unpublished, but reproduced at Doc. 19-3 at 1-6). The ground for the affirmance was that, contrary to Serio's assertion, neither *People v. Moore* nor any other decision "requires a court to question trial counsel in every case." Doc. 19-3 at 5. Serio filed a PLA, *id*. at 7-29, which was denied, *People v. Serio*, 889 N.E.2d 1121 (Ill. 2008).

Serio next filed a petition for post-conviction relief in state court. Doc. 19-3 at 31-95. The petition claimed that Serio's counsel on direct appeal was ineffective in failing to raise twenty-three arguments. *Id*. at 97-98. The state trial court found that the petition was "frivolous and patently without merit" and dismissed it. *Id*. at 96-122. Serio also filed a petition for habeas corpus in state court and an amendment to that petition. *Id*. at 123-36. The trial court held that it lacked jurisdiction to consider the habeas petition. *Id*. at 137.

The state appellate court affirmed the trial court's judgment. *People v. Serio*, Nos. 2-09-285 & 2-09-379 (Ill. App. Sept. 28, 2010) (unpublished, but reproduced at Doc. 19-4 at 81-84). The appellate court explained that while Serio had argued before the post-conviction trial court that his counsel on direct appeal had been ineffective, he contended in his post-conviction appeal only that "(1) his right to a fair and impartial jury was compromised when the trial court allowed friends and family of the victim to intermingle and converse with the jury pool, and (2) his right to present a defense was compromised when 'defense counsel failed to properly investigate and obtain evidence that would have refuted the prosecution's theory of why Ruhl [Serio's accomplice, who was also convicted of Neubauer's murder] committed a murder at [Serio's] request.'" Doc. 19-4 at 83. The appellate court added that "the claims [Serio] asserts on appeal differ from the issues underlying his claim of ineffective assistance of appellate counsel as raised [before the trial court] in his postconviction petition." *Id*. at 83-84. In other words, the appellate court ruled that there was no overlap between the issues Serio had pressed before the trial court

in his post-conviction petition and the issues he was arguing on appeal from the trial court's denial of post-conviction relief. The appellate court did not consider the issues that Serio had argued before the trial court but not on appeal, and it also concluded that Serio had forfeited the two claims he pressed on appeal by failing to raise them before the trial court. *Ibid*.

Serio filed a PLA, which argued that the appellate court had erred in concluding that his appeal raised only two issues because the "issues presented for review section" of his appeal brief stated that the issue "was weather the trial court erred in dismissing Raymond Serio's pro se petition for post conviction relief where Mr. Serio's petition presented the gist of a claim of constitutional deprivation." Doc. 19-4 at 85, 87. According to Serio, that statement brought before the appellate court "all issues raised under appellate counsel's ineffective assistance [on direct appeal]," meaning that the "[a]ppellate court should have then review petitioner's post conviction [petition] as a whole." *Id*. at 87. The PLA was denied. *People v. Serio*, 943 N.E.2d 1107 (Ill. 2011).

Serio then filed this federal habeas petition.

## Discussion

The Warden argues that of Serio's habeas claims are either non-cognizable on federal habeas review or were procedurally defaulted.

### I. Post-Arrest Statements

Serio first argues that the "police did not have probable cause to question and arrest" him, and that the state courts should therefore have suppressed the confession that he made as a consequence of his arrest. Doc. 1 at 9. As Serio acknowledges, this claim arises under the Fourth Amendment. Doc. 27 at 1. The Supreme Court has held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner

may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 494 (1976). The Seventh Circuit has explained that "a 'full and fair opportunity' guarantees only 'the right to present one's case.'" *Watson v. Hulick*, 481 F.3d 537, 542 (7th Cir. 2007) (quoting *Cabrera v. Hinsley*, 324 F.3d 527, 531-32 (7th Cir. 2003)). Serio did have the opportunity to present his Fourth Amendment arguments to the state courts; his problem is that those courts rejected his arguments. *Serio*, 830 N.E.2d at 756 (discussing Serio's Fourth Amendment claim and holding that the police had probable cause to arrest him). Thus, the state courts satisfied the "full and fair opportunity" standard, which means that *Stone* precludes this court from considering the merits of Serio's Fourth Amendment claim.

Serio acknowledges *Stone*, but quotes a Seventh Circuit opinion stating that a defendant has received the "full and fair opportunity" required by *Stone* if "(1) he has clearly informed the state court of the factual basis for the claim and has argued that those facts constitute a violation of his fourth amendment rights and (2) the state court has carefully and thoroughly analyzed the facts and (3) applied the proper constitutional case law to the facts." *Pierson v. O'Leary*, 959 F.2d 1385, 1391 (7th Cir. 1992)). The Seventh Circuit has acknowledged that this language from *Pierson* can erroneously be read to require a more searching federal habeas review of state court Fourth Amendment rulings than is appropriate under *Stone*. *See Cabrera*, 324 F.3d at 531 ("the *Pierson* approach nullifies the holding of *Stone* and leads to collateral relief whenever the search violates the fourth amendment"). Any argument Serio advances based on the *Pierson* formulation therefore fails. In any event, Serio's arguments miss the mark even under *Pierson*, for they all go to whether the state courts correctly applied Fourth Amendment precedent to the facts, Doc. 27 at 2-4, and even *Pierson* cannot be read to permit federal habeas review of that

question.  *See Hampton v. Wyant*, 296 F.3d 560, 564 (7th Cir. 2002) ("a blunder, no matter how obvious, matters only in conjunction with other circumstances that imply refusal by the state judiciary to take seriously its obligation to adjudicate claims under the fourth amendment").  The state appellate court considered Serios's Fourth Amendment arguments and treated them "seriously," and that is all that *Stone* requires.  *Ibid*.

II.     **The State Trial Court's Post-Remand Ineffective Assistance Hearing**

Serio next argues that, during the hearing on his claim that his trial counsel had been ineffective, the state trial court "should have asked [trial] counsel questions."  Doc. 1 at 9.  The basis for this argument is Illinois case law, especially *People v. Moore*, *supra*, which described the inquiry a trial court must make in response to a defendant's post-trial ineffective assistance claim.  Unless there is a basis for this argument in *federal* law, it is not cognizable on federal habeas review.  *See* 28 U.S.C. § 2254(a) ("a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*") (emphasis added); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions") (citation and internal quotation marks omitted).

It is true that the Sixth Amendment guarantees criminal defendants representation by counsel and a certain minimum level of effectiveness.  *See Strickland v. Washington*, 466 U.S. 668 (1984).  However, the Sixth Amendment has not been interpreted to require judges conducting ineffective assistance hearings to question the allegedly ineffective attorney.  The Illinois courts have set out procedures for such claims, in cases like *Moore* and *People v. Johnson*, 636 N.E.2d 485, 497-99 (Ill. 1994), and those are the cases on which Serio grounds his

argument that the state trial court erred in failing to question his allegedly ineffective trial attorney. The state appellate court rejected Serio's reading of *Moore* and the other relevant Illinois cases, and whether the appellate court was right or wrong is irrelevant for present purposes, as this court cannot review the state courts' application of state law. It follows that the state trial court's failure to question Serio's trial lawyer does not provide a ground for federal habeas relief.

### III. Ineffectiveness of State Post-Conviction Appellate Attorney

Serio's third argument concerns the failure of his state post-conviction appellate attorney to press before the state appellate court the claims that Serio had raised before the trial court in his post-conviction petition, a failure that led the appellate court to refuse to consider those claims on the merits. Doc. 1 at 10. Serio contends that this court should find that his post-conviction appellate counsel was ineffective in failing to press those claims, that this ineffectiveness excuses his procedural default of those issues, and that this court should therefore consider the merits of those claims. *Ibid*.

Serio cannot bring an independent claim that his post-conviction appellate counsel was ineffective. The federal habeas statute provides that "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254," 28 U.S.C. § 2254(I), and thus by its terms "precludes [Serio] from relying on the ineffectiveness of his postconviction attorney as a 'ground for relief,'" *Martinez v. Ryan*, 132 S. Ct. 1309, 1320 (2012). *See Johnson v. McBride*, 381 F.3d 587, 590 (7th Cir. 2004) ("Once trial and direct appeals have run their course, however, neither the sixth amendment nor federal law guarantees effective assistance of counsel for collateral proceedings."). The court will consider, however, whether the alleged ineffectiveness of Serio's

post-conviction appellate attorney might nonetheless excuse his procedural default of the claims that the attorney failed to press, thereby allowing this court to consider those claims despite the procedural default.

A. **Procedural Default**

The initial question is whether Serio in fact procedurally defaulted the arguments made to the state trial court in his post-conviction petition. That petition argued that Serio's attorney on direct appeal had been ineffective and listed twenty-three claims that, according to Serio, the attorney should have made but failed to make. Doc. 19-3 at 31-36. Thus, the post-conviction petition effectively presented twenty-four claims: the preliminary claim that Serio's attorney on direct appeal had been ineffective, followed by the twenty-three claims that the allegedly ineffective attorney had failed to make. Serio asks this court to address those twenty-four claims. Doc. 1 at 10 ("Petitioner asks this court to address all of defendant's issues argued in his post conviction petition at this time.").

The Warden responds that Serio procedurally defaulted those twenty-four claims by failing to present them to the state appellate court on appeal from the dismissal of his post-conviction petition. Doc. 18 at 22-26. The Warden is correct. "To preserve a question for federal collateral attack, a person must present the contention to each level of the state judiciary." *Bland v. Hardy*, 672 F.3d 445, 449 (7th Cir. 2012) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999)). Serio did not raise any of those twenty-four claims in appealing the dismissal of his post-conviction petition; instead, his appeal made only two claims: "that his right to a trial before a fair and impartial jury was abridged," and "that defense counsel failed to obtain evidence that would have discredited the prosecution's theory that Ronald Ruhl [who, as noted above, was also convicted of murdering Neubauer] murdered the victim because he owed

money to Mr. Serio." Doc. 19-4 at 8-13. As the state appellate court explained, neither of those claims was raised in the post-conviction petition. *Id*. at 82-84. Therefore, the twenty-four claims raised in Serio's post-conviction petition but not in his post-conviction appeal are procedurally defaulted, and this court cannot consider them unless some exception to the procedural default rule applies.

In his reply brief in this court, Serio argues for the first time that this court should consider the two claims that were raised in his state post-conviction appeal but not in his state post-conviction petition before the trial court. By not raising those claims in his federal habeas petition, Serio forfeited them. *See Narducci v. Moore*, 572 F.3d 313, 324 (7th Cir. 2009) ("the district court is entitled to find that an argument raised for the first time in a reply brief is forfeited"); *Karim v. Hardy*, 2013 WL 393330, at *1 (N.D. Ill. Jan. 31, 2013). Even putting aside forfeiture, Serio procedurally defaulted those two claims. The state appellate court held that Serio forfeited those two claims by failing to raise them before the trial court in his post-conviction petition, and it cited authority for the proposition that this constituted a forfeiture (called "waiver" in Illinois parlance) under Illinois law. Doc. 19-4 at 83; *see* 725 ILCS 5/122-3 ("Waiver of Claims. Any claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived."); *People v. Jones*, 809 N.E.2d 1233, 1239 (Ill. 2004) ("a defendant may not raise an issue for the first time while the matter is on review"); *People v. Johnson*, 609 N.E.2d 304, 307 (Ill. 1993) ("We decline to address this claim, as it was not raised in either the *pro se* or the amended petition for post-conviction relief, and was therefore waived."). "A state is entitled to treat as forfeited a proposition that was not presented in the right court, in the right way, and at the right time—as state rules define those courts, ways, and times. Failure to comply with the state's procedural rules furnishes an independent and adequate

state ground of decision that blocks federal collateral review." *Szabo v. Walls*, 313 F.3d 392, 395 (7th Cir. 2002) (citation omitted). It follows that Serio procedurally defaulted those two claims.

### B. Whether Serio Can Overcome the Procedural Default

"In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Kaczmarek v. Rednour*, 627 F.3d 586, 591 (7th Cir. 2010) (same). The same two exceptions apply where a prisoner procedurally defaults a claim under *Boerckel* by failing to present it to each level of the state judiciary. *See Smith v. McKee*, 598 F.3d 374, 382 (7th Cir. 2010). "Cause for a default is ordinarily established by showing that some type of external impediment prevented the petitioner from presenting his claim. Prejudice is established by showing that the violation of the petitioner's federal rights worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Thompkins v. Pfister*, 698 F.3d 976, 987 (7th Cir. 2012) (citations and internal quotation marks omitted). "The fundamental miscarriage of justice exception requires 'the habeas petitioner to show that a constitutional violation has probably resulted in the conviction of one who is actually innocent. To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Smith*, 598 F.3d at 387-88 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). Serio can satisfy neither exception to the procedural default rule.

1. **Cause and Prejudice**

Serio argues that the alleged ineffectiveness of his post-conviction appellate attorney constitutes "cause" that could excuse the procedural default of the claims that the attorney failed to press before the appellate court. Doc. 27 at 6. To support this argument, he quotes the statement in *Wrinkles v. Buss*, 537 F.3d 804 (7th Cir. 2008), that "[a]ttorney error rising to the level of ineffective assistance of counsel can constitute cause to set aside procedural default." *Id*. at 812. But the allegedly ineffective attorney in *Wrinkles* was the petitioner's *trial attorney*, while Serio's case presents the question whether "cause" can be satisfied by the ineffective assistance of the petitioner's *state post-conviction attorney*.

Seventh Circuit precedent answers that question in the negative. Relying on *Coleman*, 501 U.S. at 752-57, the Seventh Circuit has held that "ineffective assistance of post-conviction counsel does not supply 'cause' for the cause-and-prejudice formula under which federal courts sometimes entertain claims that were not properly presented to the state courts." *Szabo*, 313 F.3d at 397; *see also Maples v. Thomas*, 132 S. Ct. 912, 922 (2012) ("Negligence on the part of a prisoner's postconviction attorney does not qualify as 'cause.'"). Last Term, the Supreme Court "qualifie[d] *Coleman* by recognizing a narrow exception: Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default *of a claim of ineffective assistance at trial*." *Martinez*, 132 S. Ct. at 1315 (emphasis added). That exception does not assist Serio, however, because the claim he procedurally defaulted is not ineffective assistance of *trial attorney*, but rather ineffective assistance of his attorney *on direct appeal*, along with the claims Serio believes his appellate attorney was ineffective in failing to raise. Those procedurally defaulted claims do not include Serio's claim that his trial attorney was ineffective, the kind of claim addressed by *Martinez*; Serio's attorney on direct appeal *did*

make that claim, albeit without success. It follows under *Szabo*—which survived *Martinez* except as to the procedural default of a claim of ineffective assistance by trial counsel—the alleged ineffectiveness of Serio's post-conviction appellate attorney cannot be "cause" to excuse the procedural defaults. *See Banks v. Workman*, 692 F.3d 1133, 1148 (10th Cir. 2012) ("*Martinez* applies only to a prisoner's procedural default of a claim of ineffective assistance at *trial*, not to claims of deficient performance by appellate counsel.") (internal quotation marks omitted); *Ibarra v. Thaler*, 687 F.3d 222, 224 (5th Cir. 2012) ("*Martinez*, by its terms, applies only to ineffective-assistance-of-trial-counsel claims."). And because Serio cannot establish cause, there is no need to determine whether he can satisfy the prejudice prong of the cause-and-prejudice exception to procedural default.

        **2.**      **Fundamental Miscarriage of Justice**

Serio's short miscarriage of justice argument is not directed to his contentions regarding the issues that he procedurally defaulted by failing to press them in his post-conviction appeal, but rather to other claims that will be discussed in the next section. Serio therefore forfeited any argument that the miscarriage of justice exception excuses his procedural default of the claims not pressed in his post-conviction appeal. *See Franklin v. Gilmore*, 188 F.3d 877, 884 (7th Cir. 1999) ("[P]rocedural default will be excused if a defendant can show that a failure to review the defendant's claims would result in a fundamental miscarriage of justice. Franklin, however, does not make this argument and we will not make it for him.").

**IV.**    **Illinois's Jurisdiction to Try Serio and the Validity of the Indictment**

Serio contends that his right to "due process was violated when Illinois prosecuted him for 1st degree murder without jurisdiction over said murder. The evidence clearly shows victim's body was found in Wisconsin. And that victim was still alive when he was shot fatally

in Wisconsin." Doc. 1 at 10. Serio raised this claim in his state habeas petition. Doc. 19-3 at 124-26. But he never raised it in the state appellate court, Doc. 19-4 at 1-14, and this failure constitutes a procedural default. *See Bland*, 672 F.3d at 449 ("To preserve a question for federal collateral attack, a person must present the contention to each level of the state judiciary.").

Serio also argues that "the indictment in [his criminal case] is void because it did not charge [him] as accomplice even though there was no credible evidence to show defendant was the shooter. The indictment charged defendant as the shooter to stop the defense from getting instruction of conspiracy to commit murder as lesser included offense. If indictment is allowed to stand a defendant could be indicted as the shooter, found not guilty, and then reindicted under accountability theory. And indictment must list all elements of the accused crime to stop such things from taking place." Doc. 1 at 10. Serio raised this claim in an amendment to his state habeas petition. Doc. 19-3 at 133-36. But as with his challenge to Illinois's jurisdiction to try him, he never raised the improper indictment claim to the state appellate court. Doc. 19-4 at 1-14. This claim is procedurally defaulted as well. *See Bland*, 672 F.3d at 449.

In the PLA he filed after the state appellate court rejected his post-conviction appeal, Serio did briefly mention his arguments about the jurisdiction of the Illinois court to try him and the validity of the indictment. Doc. 19-4 at 94 ("The court also dismissed petitioner's State Habeas Corpus challenging the State's jurisdiction to prosecute petitioner for a murder that took place in another State. The trial court dismissed stating because defendant filed noticed of appeal on the dismissal of his post conviction petition the court lost[] jurisdiction to hear the State Habeas Corpus issues."). Whether or not this would suffice to "present" those issues to the state supreme court, Serio did not present them to the state appellate court, and so he still failed to present them to every level of the state judiciary.

As mentioned above, Serio argues that the procedural default of his challenges to Illinois's jurisdiction to try him and to the validity of the indictment should be excused because enforcing the default would result in a fundamental miscarriage of justice. Doc. 27 at 8. The applicable standard "requires the habeas petitioner to show that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Schlup*, 513 U.S. at 327 (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). But Serio makes no reference to innocence. Instead, he states only: "It would be a 'fundamental miscarriage of justice' to allow a 'void' indictment to stand. Also to allow a prisoner to be convicted within a state that has no legal jurisdiction to put him on trial for the crime he was convicted of committing." Doc. 27 at 8. These arguments miss the mark. Serio does not contend that he is "actually innocent," and so he cannot show that a fundamental miscarriage of justice will result from this court's refusing to consider his procedurally defaulted arguments regarding Illinois's jurisdiction to try him or the allegedly defective indictment.

## Conclusion

Because all of Serio's claims are either non-cognizable or procedurally defaulted, his petition for a writ of habeas corpus is denied. Rule 11(a) of the Rules Governing Section 2254 Cases states that "[t]he district court must issue or deny a certificate of appealability [('COA')] when it enters a final order adverse to the applicant." *See Lavin v. Rednour*, 641 F.3d 830, 832 (7th Cir. 2011). "A certificate of appealability may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The applicable standard is as follows:

> To obtain a COA under § 2253(c), a habeas petitioner must make a substantial showing of the denial of a constitutional right, a demonstration that … includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a

> different manner or that the issues presented were adequate to deserve encouragement to proceed further.

*Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (internal quotation marks omitted); *see also Lavin*, 641 F.3d at 832; *Davis v. Borgen*, 349 F.3d 1027, 1029 (7th Cir. 2003).

This court's denial of Serio's petition relies on settled precedent regarding the treatment of Fourth Amendment claims and claims based on state rather than federal law, as well as on the rules governing procedural default. The application of that law to Serio's petition does not present difficult or close questions, and so the petition does not meet the applicable standard for granting a certificate of appealability. The court therefore denies a certificate of appealability.

February 14, 2013

_____
United States District Judge